KAREN MATTESON, Cal. Bar No. 102103
E-mail: mattesonk@sec.gov
DONALD W. SEARLES, Cal. Bar No. 135705     NO JS-6
E-mail: searlesd@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
John M. McCoy III, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone:  (323) 965-3998
Facsimile:  (323) 965-3908

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>    vs.<br><br>MERIDIAN HOLDINGS, INC., ANTHONY C. DIKE, and MICHELLE V. NGUYEN,<br><br>            Defendants. | Case No. CV07-06335 DDP (SSx)<br><br>**FINAL JUDGMENT AS TO DEFENDANT MERIDIAN HOLDINGS, INC.** |

The Securities and Exchange Commission having filed a Complaint and Defendant Meridian Holdings, Inc. having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)   to employ any device, scheme, or artifice to defraud;

(b)   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained

1  and enjoined from violating Section 13(a) of the Exchange Act, 15 U.S.C.
2  § 78m(a), and Rules 12b-20 and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20 &
3  240.13a-13, by filing with the Commission required periodic reports which fail to
4  include material information necessary to make the required statements, in light of
5  the circumstances under which they are made, not misleading.

### III.

7      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that
8  Defendant and Defendant's officers, agents, servants, employees, attorneys, and all
9  persons in active concert or participation with them who receive actual notice of
10 this Final Judgment by personal service or otherwise are permanently restrained
11 and enjoined from violating Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C.
12 § 78m(a), by failing to make and keep books, records, and accounts, which, in
13 reasonable detail, accurately and fairly reflect the transactions and dispositions of
14 the assets of the Defendant.

### IV.

16     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that
17 Defendant and Defendant's officers, agents, servants, employees, attorneys, and all
18 persons in active concert or participation with them who receive actual notice of
19 this Final Judgment by personal service or otherwise are permanently restrained
20 and enjoined from violating Section 302(b) of Regulation S-T, 17 C.F.R. §
21 232.302(b), by failing to ensure that all purported signatories of the certifications
22 included with the Defendant's periodic filings with the Commission sign the
23 certification pages before or at the time they are electronically filed, and by failing
24 to retain the original executed documents for five years or to provide the
25 Commission staff with copies of the executed documents upon request.
26 ///
27 ///
28 ///

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Fed. R. Civ. P. 54(b), the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  January 05, 2009

HONORABLE DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

3