1  KAREN MATTESON, Cal. Bar No. 102103
   E-mail: mattesonk@sec.gov
2  DONALD W. SEARLES, Cal. Bar No. 135705            NO JS-6
   E-mail: searlesd@sec.gov
3
   Attorneys for Plaintiff
4  Securities and Exchange Commission
   Rosalind R. Tyson, Regional Director
5  Michele Wein Layne, Associate Regional Director
   John M. McCoy III, Regional Trial Counsel
6  5670 Wilshire Boulevard, 11th Floor
   Los Angeles, California 90036-3648
7  Telephone:   (323) 965-3998
   Facsimile:   (323) 965-3908
8
                    UNITED STATES DISTRICT COURT
9
                   CENTRAL DISTRICT OF CALIFORNIA
10
                         WESTERN DIVISION
11

12 SECURITIES AND EXCHANGE          Case No. CV07-06335 DDP (SSx)
   COMMISSION,
13                                   **FINAL JUDGMENT AS TO
                  Plaintiff,         DEFENDANT ANTHONY C. DIKE**
14
          vs.
15
   MERIDIAN HOLDINGS, INC.,
16 ANTHONY C. DIKE, and MICHELLE
   V. NGUYEN,
17
                  Defendants.
18

19

20

21

22

23

24

25

26

27

28

The Securities and Exchange Commission having filed a Complaint and Defendant Anthony C. Dike having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined

1

from aiding and abetting any violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20 and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20 & 240.13a-13, by knowingly providing substantial assistance to an issuer in filing with the Commission required periodic reports which fail to include material information necessary to make the required statements, in light of the circumstances under which they are made, not misleading.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(a), by knowingly providing substantial assistance to an issuer in failing to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer, and from violating Rule 13b2-1 thereunder, 17 C.F.R. § 240.13b2-1, by directly or indirectly, falsifying or causing to be falsified, any book, record or account subject to Section 13(b)(2)(A).

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange Act Rule 13a-14, 17 C.F.R. § 240.13a-14, by signing any certification included with an issuer's periodic filings with the Commission, certifying the filings fully comply with the requirements of the Exchange Act and fairly present, in all material respects, the financial condition and results of operation of the company, when, in fact, the reports contain untrue statements of

material fact and omit material information necessary to make the reports not misleading; and by electronically filing any certification when that certification has not been manually signed.

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 302(b) of Regulation S-T, 17 C.F.R. § 232.302(b), by knowingly providing substantial assistance to an issuer in failing to ensure that all signatories of the certifications included with the issuer's periodic filings with the Commission sign the certification pages before or at the time they are electronically filed, and by failing to retain the original executed documents for five years or to provide the Commission staff with copies of the executed documents upon request.

**VI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), Defendant is prohibited for five (5) years following the date of the entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

**VII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $25,000 pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).  Defendant shall make this payment pursuant to the terms of payment schedule set forth in paragraph VIII

below, after entry of this Final Judgment by certified checks, bank cashier's checks, or United States postal money orders payable to the Securities and Exchange Commission.  The payments shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Anthony C. Dike as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## VIII.

Defendant Anthony C. Dike shall pay the $25,000 penalty in five installments according to the following schedule: (1) $5000 on or before January 15, 2009; and (2) $5000, plus post-judgment interest pursuant to 28 U.S.C. § 1961, on or before February 2, 2009; (3) $5000, plus post-judgment interest pursuant to 28 U.S.C. § 1961, on or before May 1, 2009; (4) $5000, plus post-judgment interest pursuant to 28 U.S.C. § 1961, on or before August 3, 2009; and (5) $5000, plus post-judgment interest pursuant to 28 U.S.C. § 1961, on or before November 2, 2009.  If Defendant Anthony C. Dike fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall be due and payable immediately without further application to the Court.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and

agreements set forth therein.

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## XI.

There being no just reason for delay, pursuant to Fed. R. Civ. P. 54(b), the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: January 05, 2009

HONORABLE DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE